## Minshall Estate

*Edmund L. Harvey*, for accountant.

VAN RODEN, P. J., May 18, 1949.—Decedent died January 2, 1948, intestate, survived by neither spouse, issue, parents, brothers or sisters, but leaving to survive her certain nieces and nephews, being the children of her deceased brothers, and also leaving to survive her a grandniece, being the daughter of a deceased niece, and a grandnephew, being the son of a deceased nephew.

Since decedent died on the day following the effective date of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.1 et sec., effective with respect to persons dying wholly or partially intestate on or after January 1, 1948, the descent of decedent's estate is governed thereby.

The accountant has requested the court to construe the applicable provisions of the new law to determine whether distribution shall be made to decedent's heirs at law on a per capita or per stirpes basis.

Section 3(3) provides that where a decedent is survived by neither spouse, issue nor parents, the estate shall descend "to the issue of each of the decedent's parents." It is noted in the comment of the Joint State Government Commission, which drafted the Intestate Act, that such provision takes the place of section 9 of the 1917 act and that issue of deceased brothers and sisters are recognized without limitation. Accordingly, decedent's grandniece and grandnephew are entitled to share in the distribution of this estate.

The proportionate shares of the various distributees is determined by section 4(1), which provides as follows:

"(1) *Taking in Different Degrees.* The shares descending under this act to the issue of the decedent, to the issue of his parents or grandparents or to his uncles or aunts or to their children, shall descend to them as follows: The part of the estate descending to any such persons shall be divided into as many equal shares as there shall be persons in the nearest degree of consanguinity to the decedent living and taking shares therein and persons in that degree who have died before the decedent and have left issue to survive him who take shares therein. One equal share shall descend to each such living person in the nearest degree and one equal share shall descend by representation to the issue of each such deceased person, except that no issue of a child of an uncle or aunt of the decedent shall be entitled to any share of the estate."

It seems clear that the intention of the foregoing section is to provide for a per capita distribution among living persons in the nearest degree of consanguinity

to decedent, with stirpital distribution to the issue of any deceased member of the class represented by decedent's nearest living relatives.

In other words, where, as in the instant case, decedent's heirs at law consist of members of the second generation, such as nieces and nephews, and the third generation, such as grandnieces and grandnephews, the second generation takes per capita and the third generation takes per stirpes.

Any doubt concerning the interpretation of the new law is easily dispelled by an examination of the pre-existing law. Section 9(d) of the Intestate Act of June 7, 1917, P. L. 429, 20 PS §65, governing distribution to descendants of brothers and sisters, provides that "if such intestate shall leave neither brother nor sister, the nephews and nieces shall take per capita" and "each child of a deceased nephew or niece . . . shall receive an equal portion of the share which his or her parent would have received if living at the death of the intestate". In Conner's Estate (No. 2), 318 Pa. 150 (1935), it was held by the Supreme Court that "under the intestate law the second generation takes per capita and the third generation takes per stirpes".

It is indicated by the commissioners' comment to section 4(1) of the Act of 1947 that the purpose of the said section is to avoid some of the cumbersome language of the Act of 1917. It does not appear that the draftsmen or the legislature intended to change the statutory rule of distribution with respect to the respective shares of collateral heirs of the second and third generations.

In the instant case, decedent was survived by three children of her deceased brother, William R. Pyle, and by one grandchild of the said William R. Pyle, being the daughter of his deceased daughter; she was also

survived by two children of her deceased brother, Walter Scott Pyle, and by one grandchild of said Walter Scott Pyle, being the son of his deceased son, Walter Pyle; and was also survived by the four children of her deceased brother, Butler Pyle. Since each deceased nephew or niece left only one surviving child, the said child is entitled to the full share of his parent. Accordingly, decedent's estate must be distributed among her 11 heirs at law in equal shares, regardless of the fact that decedent's brothers did not leave an equal number of surviving children, since the statutory rules of descent require per capita distribution among surviving collateral heirs of the second generation and stirpital distribution among surviving collateral heirs of the third generation.